CLELAND, District Judge,
Concurring.
I am compelled to agree that this case cannot legitimately be distinguished from Burden v. Check Into Cash of Kentucky, L.L.C., 267 F.3d 483 (6th Cir.2001), and I note that the majority’s decision is written clearly and concisely to that end. I write separately only because I believe Burden defined “void” too narrowly and consequently left a gap in the discourse concerning the void/voidable distinction for purposes of the severance doctrine.
*519 The plaintiffs in Burden challenged a contract where a state statute pronounced loan agreements made by unlicensed lenders to be “void.” Similarly, our instant case involves a challenge to a contract where a federal statute requires the Chairman of the National Indian Gaming Commission’s signature on casino management agreements and in 'its absence holds any such contract “void.”
In Burden, the court suggested that void, or void ab initio, agreements should not be subject to the severance doctrine. Burden, 267 F.3d at 488-89. In other words, if an entire contract were deemed void, or void ab initio, the arbitration clause could not be enforced and the district court could adjudicate the underlying claims. Burden, however, concluded that a voidness challenge to a contract based upon statutory authority (as in this ease) should not be construed as a void ab initio allegation. Rather, Burden held a void ab initio challenge requires more than an allegation of a statutory violation. Id. at 490. According to Burden, void ab initio allegations, for purposes of the severance doctrine, must be based upon one of only two challenges: (1) allegations of a failure to assent to the contract, and (2) challenges to signatory power. Accordingly, the challenge raised by the plaintiffs in Burden and the Indian Tribe in this case, which allege that the entire contract is void under state or federal law, do not amount to void ab initio allegations.
The analysis in Burden, in my view, is incomplete and seems to be at odds with the conclusion ultimately reached in that case. First, the court extensively discussed why it thought that the void/voidable distinction mattered for the severance doctrine, and stated that it tended to agree with other circuits that have found that Prima Paint does not apply to allegations of nonexistent (i.e., void) contracts.[1] It stated:
The void/voidable distinction is relevant for Prima Paint analysis because a void contract, unlike a voidable contract, was never , a contract at all. Thus, a valid arbitration agreement “cannot arise out of a broader contract if no broader contract ever existed.” Sandvik, 220 F.3d at 108. Accordingly, Prima Paint “presumes an underlying, existent, agreement.” Id. at 106.
Burden, 267 F.3d at 488 (citing Sandvik AB v. Advent Int’l Corp., 220 F.3d 99, 107 (3d Cir.2000)). After discussing this circuit’s precedent, the court stated that it was inclined to follow the reasoning of several sister circuits that have held that Prima Paint does not apply to allegations of a nonexistent (void) contract. Id. at 489 (“Indeed, if anything, we are inclined to find that Prima Paint supports, rather than prohibits, excluding nonexistent contracts from the severability doctrine, because an allegation of a void contract raises exactly the same question as an allegation of a fraudulently induced arbitration agreement: whether the arbitrator has any power at all.”). The court *520 approvingly quoted the Seventh Circuit’s common sense approach: “No contract, no power.” Id. (citing Sphere Drake Ins. Ltd. v. All Am. Ins. Co., 256 F.3d 587, 591 (7th Cir.2001)).
But then, despite' its apparent endorsement of the void/voidable distinction, the Burden court took a sharp turn, leaving that distinction by the wayside, and went on to conclude without any substantial explanation that the void/voidable principles just discussed did not apply to the contract at issue simply because it had been challenged as void under a state statute. The court cited a Ninth Circuit case and discussed its general illustrations of agreements that Circuit had found to be void ab initio. The Burden court concluded that void ab initio challenges must involve allegations of either a failure to assent or an absence of signatory power. Id. at 490 (discussing Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir.1991)). The Burden court found that the challenge presented to the contract’s existence did not constitute a void ab initio challenge (as that concept was, in Burden, now defined). To the Burden court, it followed directly from that conclusion that the contract must be subject to the severability doctrine.
Unfortunately, the Burden court said only what the challenge was not, and not what it was. It was not either of the two varieties of “void ab initio ” illustrated in Three Valleys; it was, however, a challenge based precisely upon something else entirely: statutory voidness. The question not addressed was whether an arbitration clause in a statutorily void contract must be enforced; it was as though there existed an underlying assumption that a claim of statutory voidness was per se illegitimate. The Burden court therefore implicitly (perhaps unintentionally) determined that only those challenges that met the narrow void ab initio definition set forth therein could be adjudicated by the court. I can find no principled distinction between contracts void and contracts void ab initio.[2] The Burden court, therefore, essentially rewrote the definition of void. According to Burden, a void, or nonexistent contract entails only those agreements where one party lacked assent or where the signatory power is challenged. This too-narrow definition of void (or void ab initio, it makes no difference), runs contrary to the clear-headed and, in my view, correct obiter dicta earlier in Burden discussing the unenforceable nature of void contracts, including the arbitration provisions contained in such contracts. Id. at 488-89.
Void and void ab initio agreements, as opposed to voidable agreements, are agreements that never existed. Confining void (or void ab initio) contracts to a narrow set of circumstances, as the court did in Burden, abrogates long-standing principles defining void contracts and holds as of no effect any legislature’s decision to deem certain agreements void when they fail to comply with statutory requirements, such as those found in the Indian Gaming Regulatory Act. In this case, it allows a portion of a nonexistent contract to be animated and enforced in direct contravention of an entirely clear federal statute.
The Federal Arbitration Act’s policy favoring arbitration cannot compel an agreement to arbitrate where no contract exists. A void contract is simply nonexistent and a provision of a contract that does not exist should not be separately enforceable. *521 This includes an arbitration clause. Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 625, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (“[Liberal federal policy favoring arbitration agreements ... is at bottom a policy guaranteeing the enforcement of private contractual arrangements.”) (citation and quotation omitted).
Constrained as we are by the Burden court’s narrow definition of void, which I believe should be reexamined at some point by this Circuit, I concur in the majority’s decision.

. Under Prima Paint, a court, rather than an arbitrator, can decide a claim of fraud in the inducement, but only if the claim of fraud concerns the inducement of the arbitration clause itself, not the inducement of the contract as a whole. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). The Court in Prima Paint found that arbitration clauses were “separable” from the contracts in which they were included, and that “a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced from fraud.” Id. at 402, 87 S.Ct. 1801. "If the arbitration clause is not at issue, then the arbitrator will decide challenges to the contract containing the arbitration clause.” C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp., 912 F.2d 1563, 1567 (6th Cir.1990).

. A review of written decisions across all federal courts shows that courts consistently use the terms interchangeably.